UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CAMOWRAPS, LLC**                                                                 **CIVIL ACTION**

**VERSUS**                                                                                     **NO. 13-6808**

**QUANTUM DIGITAL VENTURES LLC,**                                    **SECTION I**
**ET AL.**

### ORDER AND REASONS

The Court has before it (1) supplemental briefs[1] from the parties "addressing the potential availability of attorney's fees pursuant to [the Louisiana Unfair Trade Practices Act ("LUTPA")] in the present circumstances of this case,"[2] and (2) defendants' motion[3] in *limine* to exclude evidence pertaining to plaintiff's damages. The issues raised in these materials are now ripe for decision.

### BACKGROUND

In its complaint, plaintiff asserts a claim pursuant to LUTPA seeking injunctive relief, damages, defendants' profits, treble damages, and attorney's fees.[4] The Court granted summary judgment in favor of defendants with respect to the availability of actual damages pursuant to LUTPA because plaintiff failed to submit "any evidence of quantified actual losses."[5]

LUTPA authorizes a private right of action "to recover actual damages" and authorizes an award of "reasonable attorney fees and costs" only "[i]n the event that damages are awarded." La. Rev. Stat. § 51:1409(A). Accordingly, in light of the summary judgment in defendants' favor with

---

[1] R. Doc. Nos. 138, 141.
[2] R. Doc. No. 129, at 19.
[3] R. Doc. No. 124.
[4] R. Doc. No. 1, at 11.
[5] R. Doc. No. 129, at 16.

1

respect to actual damages, the Court directed the parties to file supplemental briefs regarding "whether LUTPA authorizes any other relief that might support an award of attorney's fees."[6] The Court has received those briefs, as well as defendants' motion *in limine*, and now addresses the issues raised therein.

A.   **Availability of Attorney's Fees Pursuant to LUTPA**

In their supplemental memorandum, defendants contend that the grant of summary judgment as to actual damages pursuant to LUTPA is fatal to the availability of attorney's fees pursuant to that statute.[7] In its memorandum, plaintiff offers three arguments why it may yet recover attorney's fees pursuant to LUTPA: (1) it may win injunctive relief; (2) it may receive "general damages for the loss of goodwill caused by infringement;" and (3) it can prove actual loss in the form of lost sales.[8] The Court addresses each argument in turn.

1)   **Injunctive Relief**

a)   **Availability of Injunctive Relief to Private Parties Pursuant to LUTPA**

As a threshold matter, the parties dispute whether injunctive relief is available to private litigants pursuant to LUTPA.[9] "When adjudicating claims for which state law provides the rules of decision, [the Court is] bound to apply the law as interpreted by the state's highest court." *Barfield v. Madison County*, 212 F.3d 269, 271-72 (5th Cir. 2000). "In the absence of a determinative decision by" the Louisiana Supreme Court, the Court must make an "*Erie* guess" and "employ Louisiana's civilian methodology in the same manner as would" that court. *Boyett v. Redland Ins.*

---

[6] R. Doc. No. 129, at 19.
[7] R. Doc. No. 138, at 2-3.
[8] R. Doc. No. 141, at 2.
[9] R. Doc. No. 138, at 4; R. Doc. No. 141, at 4 & n.2.

*Co.*, 741 F.3d 604, 607 (5th Cir. 2014). The Court first looks "to Louisiana's Constitution, its codes, and statutes." *Id.* The Court may also be "guided by decisions rendered by the Louisiana appellate courts, particularly when numerous decisions are in accord on a given issue–i.e., *jurisprudence constante*–but" the Court is "not strictly bound by them." *See id.* at 607-08 (internal quotation marks and footnotes omitted).

The Louisiana Supreme Court has not decided whether private litigants may obtain injunctive relief pursuant to LUTPA, so the Court turns to the text of the statute. LUTPA expressly authorizes the Louisiana Attorney General to "bring an action for injunctive relief in the name of the state," La. Rev. Stat. § 51:1407(A), and expressly authorizes private parties to bring an action "to recover actual damages," § 51:1409(A). Based on this statutory framework, a long line of Louisiana circuit courts of appeals have held that "the right to injunctive relief under LUTPA is available *solely* to the state through the Attorney General." *Hurricane Fence Co. v. Jensen Metal Prods., Inc.*, 119 So. 3d 683, 688 (La. App. 5 Cir. 2013) (emphasis added); *see also Family Res. Grp., Inc. v. La. Parent Magazine*, 818 So. 2d 28, 33-34 (La. App. 1 Cir. 2001); *Lafreniere Park Found. v. Friends of Lafreniere Park, Inc.*, 698 So. 2d 449, 453 (La. App. 5 Cir. 1997), *writ denied*, 703 So. 2d 1312 (La. 1997); *Monroe Med. Clinic, Inc. v. Hosp. Corp. of Am.*, 522 So. 2d 1363, 1365 (La. App. 2 Cir. 1988); *Michaelson v. Motwani*, 372 So. 2d 726, 728 (La. App. 4 Cir. 1979) ("Under this law, the state alone is entitled to injunctive relief."); *accord L-3 Communications Westwood Corp. v. Robichaux*, No. 06-0279, 2007 WL 756528, at *10 (E.D. La. Mar. 8, 2007) (Lemmon, J.) (citing *Family Res. Grp.*, 818 So. 2d at 33).[10]

---

[10]There are some authorities suggesting that LUTPA does not bar injunctive relief in favor of private litigants, but the Court is not persuaded by them for the following reasons. First, in *Reed v. Allison & Perrone*, the Louisiana Fourth Circuit Court of Appeals held that the specific grant of

In light of this consensus in the Louisiana circuit courts of appeals, the Court predicts that the Louisiana Supreme Court would conclude that LUTPA does not allow private litigants to obtain injunctive relief. Accordingly, as a matter of law plaintiff cannot obtain injunctive relief pursuant to LUTPA.

      **b)**      **Availability of Attorney's Fees to LUTPA Injunction Winner**

---

injunctive relief "has no effect on the general right of a private plaintiff to seek injunctive relief." 376 So. 2d 1067, 1069 (La. App. 4 Cir. 1979). Although this holding has some appeal, it was issued after the Fourth Circuit's contrary decision in *Michaelson*, *see* 372 So. 2d 726, and it has not been followed by other courts, *see Fam. Res. Grp.*, 818 So. 2d at 33 n.4. The Louisiana Supreme Court has cited *Reed* and characterized it as a case "involv[ing] plaintiffs seeking injunctions," but that passing mention in no way suggests that the Louisiana Supreme Court approved of *Reed*'s holding or reasoning. *See Cheramie Servs., Inc. v. Shell Deepwater Prod., Inc.*, 35 So. 3d 1053, 1057 n.7 (2010).

    Second, in *Camp, Dresser & McKee, Inc. v. Steimle & Associates*, the Louisiana Fifth Circuit Court of Appeals affirmed a trial court's entry of an injunction pursuant to LUTPA in favor of a private litigant. *See* 652 So. 2d 44, 48 (La. App. 5 Cir. 1995). However, the court in *Camp, Dresser & McKee* was not squarely presented with the question now before the Court. Furthermore, when the Louisiana Fifth Circuit later expressly addressed the question, it held in *Lafreniere Park Foundation* that private litigants cannot obtain injunctive relief pursuant to LUTPA. *See* 698 So. 2d at 453. Accordingly, the Court attaches little persuasive weight to *Camp, Dresser & McKee* with respect to how the Louisiana Supreme Court would decide this issue. The Court likewise attaches little weight to two decisions by other sections of this Court which relied on *Camp, Dresser & McKee* as holding that LUTPA allows private litigants to obtain injunctive relief. *See Newsouth Commc'ns Corp. v. Universal Tel. Co.*, No. 02-2722, 2002 WL 31246558, at *23 (E. D. La. Oct. 4, 2002) (Vance, J.); *see also Oreck Corp. v. Bissell, Inc.*, No. 98-2071, 1999 WL 163389, at *2 (E.D. La. Mar. 22, 1999) (Porteous, J.).

    Third, in *Reyes v. Julia Place Condominiums Homeowners Association, Inc.*, another section of this court concluded that "LUTPA also provides for injunctive relief" in a case brought by a class of private individuals. No. 12-2043, 2014 WL 2999237, at *7 (E.D. La. July 3, 2014) (Berrigan, J.). *Reyes* cited no Louisiana cases and instead cited (without discussion) Louisiana Revised Statute § 51:1408, another provision of LUTPA which states that "[u]nless otherwise expressly provided, the remedies or penalties provided by this Chapter are cumulative to each other and to the remedies or penalties available under all other laws of this state." La. Rev. Stat. § 51:1408(B). This language was added to § 51:1408(B) in 2006, *see* 2006 La. Sess. Law Serv. Act 218 (H.B. 988) (West), and it has not yet been construed by any Louisiana court. Nonetheless, the Court is not persuaded that this statutory language undermines the preexisting consensus among the Louisiana circuit courts of appeal that only the Louisiana Attorney General may pursue injunctive relief pursuant to LUTPA.

4

Even if plaintiff could obtain an injunction pursuant to LUTPA, an injunction is not an award of damages. Plaintiff cites no cases holding that an award of injunctive relief alone amounts to an award of damages which is a prerequisite to receipt of an award of attorney's fees pursuant to LUTPA. La. Rev. Stat. § 51:1409(A) (emphasis added); *cf. Cheramie Servs., Inc. v. Shell Deepwater Prod., Inc.*, 35 So. 3d 1053, 1058 (La. 2010) (explaining that "a plaintiff who *obtains a judgment for damages* pursuant to [LUTPA] is entitled to an award for attorney fees and costs") (emphasis added). Nor does plaintiff explain how proof of an injury sufficient to support an injunction necessarily implies "that the more prosaic form of damages – 'actual damages' – must also exist"[11] in any particular quantifiable amount. Accordingly, even if plaintiff could obtain an injunction pursuant to LUTPA, which it cannot as explained above, such injunction alone would not entitle plaintiff to an award of attorney's fees.

**2)  Damages to Goodwill**

Next, Plaintiff asserts that notwithstanding the Court's grant of summary judgment as to the availability of *actual* damages,[12] it may yet receive attorney's fees because it can recover *general* damages for injury to its business goodwill.[13] Business goodwill "is the value of a business over and above the value of its physical property." *Simpson v. Restructure Petroleum Mktg. Servs., Inc.*, 830 So. 2d 480, 486 (La. App. 2 Cir. 2002) (citations omitted).[14]

---

[11]R. Doc. No. 141, at 2.
[12]R. Doc. No. 129, at 16.
[13]R. Doc. No. 141, at 3.
[14]To recover for alleged damage to its business goodwill,

> . . . a business must prove that it had a good reputation. Next, the plaintiff must show how the business reputation was affected to his detriment. Further, outside testimony is needed to prove that a business reputation was damaged.
> The manner of proving a loss of business reputation as indicated by the

5

It is irrelevant whether or not an award for damage to business goodwill is an award of "general damages,"[15] however, because many Louisiana courts have held that "actual damages" recoverable pursuant to LUTPA *include* "general damages." In *Bank of New Orleans and Trust Co. v. Phillips*, the court looked to the dictionary definition of "actual" and held that "actual damages" pursuant to LUTPA are damages that are "'real,' 'genuine', 'existing in fact', a part of 'reality' and 'exist in the present', as opposed to the future." 415 So. 2d 973, 976 (La. App. 4 Cir. 1982). Accordingly, the *Phillips* court held that damages for humiliation and mental anguish are available as "actual damages" pursuant to LUTPA. *See id.* Numerous courts have subsequently held that general damages are available pursuant to LUTPA *because* general damages fall under the umbrella of "actual damages." *See Slayton v. Davis*, 901 So. 2d 1246, 1255 (La. App. 3 Cir. 2005) ("[R]ecovery of general damages is available under [LUTPA], as La. Rev. Stat. 51:1409(A) permits the recovery of 'actual damages.'"); *see also Johnson Constr. Co. v. Shaffer*, 87 So. 3d 203, 209 (La. App. 2 Cir. 2012) (affirming award of general damages pursuant to LUTPA for "loss sustained as

---

> jurisprudence requires a review of business accounting records to measure the loss to the business. The loss should also be established by the testimony of customers and other parties who had dealings with the business. Although the loss cannot be established precisely, it affects an economic interest which partially comprises the value of the business and is therefore a pecuniary loss.

*Simpson*, 830 So. 2d at 486 (citations omitted).

[15]The Court need not decide this question, but it notes that plaintiff has not convincingly established that damages to business goodwill are properly characterized as "general damages." *Gulf Coast Bank v. Gulf Coast Bank & Trust Co.* did not label an award for damages for injury to goodwill as "general damages." *See* 652 So. 2d 1306, 1318-19 (La. 1995). *International American Co. v. Louisiana State Employees Retirement System*, though affirming a general damage award of $500 per month for 44 months of misappropriation of a trade name, is far from clear that the award was compensation for injury to business goodwill. *See* 412 So. 2d 140, 145-46 (La. App. 4 Cir. 1982) (suggesting that award was for "wrongful seizure or conversion"). The Court also notes that neither *International American Co.* nor *Gulf Coast Bank* were LUTPA cases or cited La. Rev. Stat. § 51:1409(A).

a result of its deprived use of" a trailer); *Laurents v. La. Mobile Homes, Inc.*, 689 So. 2d 536, 542-43 (La. App. 3 Cir. 1997) (affirming award of general damages because LUTPA "provides for the recovery of actual damages, which includes damages for mental anguish and humiliation").

Plaintiff, therefore, should have articulated damages to business goodwill in opposition to defendants' motions for summary judgment.[16] Having failed to do so, the Court's prior grant of summary judgment "in the absence of any evidence to support a finding of actual damages" applies with equal force to alleged damages to plaintiff's business goodwill. Accordingly, such damages are unavailable and obviously will not support an award of attorney's fees pursuant to LUTPA.[17]

### 3) Proof of Actual Losses

Third, plaintiff contends that it can still obtain attorney's fees because it is "entitled to recovery of another type of damages under the LUTPA: loss profits calculated based on sales from infringing internet advertisements."[18] In support of this argument, plaintiff submits under seal a spreadsheet which purportedly demonstrates "how many sales came from consumers clicking on [defendants' allegedly infringing] advertisements and purchasing a product(s) sold by defendant

---

[16]Even if it were appropriate to allow plaintiff a second chance at defeating summary judgment as to this element of damages, plaintiff has failed to explain what evidence it would produce to support an award in any ascertainable amount. *See Simpson*, 830 So. 2d at 486. Plaintiff offers no more than the unsupported assertion that if it proves infringement, "[t]he Court would then be empowered to make *some type of monetary award* to Camowraps." R. Doc. No. 141, at 3 (emphasis added).

[17]Plaintiff has not cited any cases addressing the availability of nominal damages. The Court's research suggests that LUTPA does not permit an award of nominal damages in the absence of actual evidence of damages. *See Vickers v. Interstate Dodge, Inc.*, 882 So. 2d 1236, 1244 (La. App. 3 Cir. 2004) (reversing the trial court's nominal damage awards of $300.00 as to the plaintiffs' LUTPA claims because of a lack of "any evidence of damages which resulted from the conduct herein").

[18]R. Doc. No. 141, at 4.

Quantum."[19] According to plaintiff, it received the data contained in the spreadsheet in discovery, but it did not request the data in this particular format until December 23, 2014, the last day of discovery,[20] and it did not receive the reformatted data until January 9, 2015.[21]

Plaintiff does not explain its delay in obtaining and presenting these materials in support of its claims for damages and in opposition to defendants' motions. It is inappropriate at this stage of the case for plaintiff to use this limited supplemental briefing opportunity as a backdoor motion for reconsideration of the Court's order and reasons granting summary judgment to defendants as to actual damages. Furthermore, even if it were appropriate to consider these new materials now, it is far from apparent how the spreadsheet supports a claim for ascertainable damages in the form of actual lost sales. Plaintiff offers the spreadsheet without explanation or interpretation, and the document does not on its face appear to refer to any particular sale or support a finding of any particular amount of ascertainable loss to plaintiff. Because it was not timely presented to the Court and because it would not, standing alone, support an award of actual damages, this spreadsheet does not keep the door open to an award of attorney's fees pursuant to LUTPA.

**B.     Availability of Other Relief Pursuant to LUTPA**

Defendants' memorandum also challenges the availability of two additional elements of relief pursuant to LUTPA identified in plaintiff's complaint,[22] but not otherwise expressly claimed by plaintiff in its opposition to summary judgment or in its supplemental memorandum: treble damages and "defendant's profits."[23] With respect to treble damages, LUTPA states that "[i]f the

---

[19]R. Doc. No. 141, at 4.
[20]R. Doc. No. 52, at 2.
[21]R. Doc. No. 141, at 4; R. Doc. No. 141-1, at 2-3.
[22]R. Doc. No. 1, at 11.
[23]R. Doc. No. 138, at 3-4.

court finds the unfair or deceptive trade method, act, or practice was knowingly used, after being put on notice by the attorney general, the court shall award three times the actual damages sustained." La. Rev. Stat. § 51:1409(A). Because the Court has already granted summary judgment as to plaintiff's inability to prove actual damages pursuant to LUTPA, there will be no damages to treble. Moreover, nothing in the record suggests any action by the attorney general, let alone that the attorney general put defendants on notice of their use of an unfair or deceptive trade practice. For these reasons, treble damages are unavailable as a matter of law.

With respect to an award of defendants' profits as a form of relief pursuant to LUTPA, it is unclear what plaintiff intended by claiming that element of relief in its complaint. If by "defendants' profits" plaintiff means its actual damages from sales it lost to defendants as a result of the alleged unfair trade practices then, as explained above, plaintiff has failed to timely produce any evidence to support such a recovery. If plaintiff intended in its complaint to refer to "defendants' profits" in the same specialized sense as that term is used in the Lanham Act, plaintiff has cited no cases suggesting that specialized remedy is available pursuant to LUTPA.[24] Accordingly, the Court agrees with defendants that, on the record presently before the Court, "defendants' profits" are not available to plaintiff pursuant to LUTPA.

Finally, the Court also has pending before it a motion *in limine* filed by defendants with

---

[24] LUTPA authorizes private actions by a "person who suffers any ascertainable loss of money or movable property" to "recover actual damages." La. Rev. Stat. § 51:1409(A). On the other hand, the Lanham Act separately enumerates "actual damages" and "defendant's profits" as distinct elements of recovery. *See* 15 U.S.C. § 1117(a). Furthermore, recovery of "defendant's profits" pursuant to the Lanham Act is subject to different burdens of proof, *see id.*, and requires a different showing before they may be recovered by a plaintiff, *see Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 369 (5th Cir. 2000). Plaintiff has not cited any cases suggesting that this specialized statutory remedy specifically authorized by the Lanham Act is also impliedly authorized by LUTPA's much narrower authorization of a recovery of "actual damages."

respect to proof of damages and fees.[25] The motion *in limine*, which was filed before the Court decided defendants' motions for summary judgment, is largely mooted by that order and reasons. Nonetheless, the court notes that some evidence addressed in the motion may be relevant to issues other than damage claims as to which summary judgment has been granted. For example, "whether sales have been diverted" is relevant to deciding whether profits should be awarded pursuant to the Lanham Act, as to which the Court denied defendants' motion for summary judgment.[26] *See Seatrax*, 200 F.3d at 369. Evidence of lost sales would be admissible for that purpose and, therefore, the motion *in limine* is overbroad. Accordingly, the motion should be dismissed without prejudice to defendants' right to raise more specific evidentiary objections at trial.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's request for injunctive relief, treble damages, lost profits, and attorney's fees pursuant to LUTPA is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motion *in limine* with respect to evidence of damages is **DISMISSED WITHOUT PREJUDICE** to the right to object at trial to specific evidence.

---

[25] R. Doc. No. 124.
[26] R. Doc. No. 129, at 17.

**IT IS FURTHER ORDERED** that defendants' motion to expedite the motion *in limine* is **DISMISSED AS MOOT**.

New Orleans, Louisiana, May 12, 2015.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**